United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KCG AMERICAS LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZHENGQUAN ZHANG,<br><br>Defendant. | Case No. 5:17-cv-01953-EJD<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 4 |

Plaintiffs KCG Americas LLC and its indirect parent company, KCG Holdings, Inc. (collectively, "Plaintiffs"), are "in the business of trading securities" and constitute one of the world's largest independent "market makers." Compl., Dkt. No. 1, at ¶ 6. They "write and deploy computer code and algorithmic models" as part of that business, which are maintained in a computer operating system as confidential trade secrets. Id. at ¶¶ 7, 8. Plaintiffs allege in this action that one of its former employees, Defendant Zhenquan Zhang ("Defendant"), violated the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and related state authorities by improperly accessing and copying its confidential information before he was terminated.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Plaintiffs' ex parte application for a temporary restraining order ("TRO") through which Plaintiffs seek to enjoin Defendant from, inter alia, retaining, disclosing or destroying Plaintiffs' confidential information. Dkt. No. 4.

This matter is suitable for decision without oral argument. Civ. L. R. 7-1(b). Having reviewed the relevant pleadings, the court finds, concludes and orders as follows:

1

1. The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). Thus, much like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. NRDC, Inc., 555 U.S. 7, 22 (2008). "To obtain a preliminary injunction, the moving party 'must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.'" Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014)).

2. Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). This articulation represents "one alternative on a continuum" under the "'sliding scale' approach to preliminary injunctions employed" by the Ninth Circuit. Id. at 1131-32. But "[t]he critical element in determining the test to be applied is the relative hardship to the parties." Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978). "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." Id.

3. Whether to grant or deny a TRO or preliminary injunction is a matter within the court's discretion. See Miss Universe, Inc. v. Flesher, 605 F.2d 1130, 1132-33 (9th Cir. 1979).

4. As an initial matter, an ex parte TRO application must satisfy Federal Rule of Civil Procedure 65(b)(1), which excuses notice to the opposing party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the "movant's attorney certifies in writing any efforts made to give notice and the reasons why it

United States District Court
Northern District of California

1 should not be required." In addition, Civil Local Rule 65-1(b) requires that notice of an ex parte

2 TRO application be delivered to the opposing party "[u]nless relieved by order of a Judge for good

3 cause shown."

4     5.    Plaintiffs attempt to comply with Rule 65(b)(1) and Civil Local Rule 65-1(b) is

5 deficient. The declaration of Plaintiff's counsel provided with the TRO application is perfunctory;

6 it merely concludes without reference to specific facts why notice to Defendant would "jeopardize

7 the objective" of the application or cause Plaintiffs to suffer irreparable harm. And none of the

8 other submitted documents assist Plaintiffs in satisfying the notice rules since, as will be

9 explained, the manner in which the application is arranged renders it too speculative and

10 conclusory to justify extraordinary relief on a true ex parte basis.

11     6.    Turning to the application's substance, the second Winter factor - which is arguably

12 the "single most important prerequisite for the issuance of a preliminary injunction" (Freedom

13 Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) - requires the moving plaintiff "to

14 demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter, 555 U.S. at

15 22 (emphasis preserved). An injunction ordered on any lesser showing is "inconsistent" with the

16 "characterization of injunctive relief as an extraordinary remedy." Id.

17     7.    In assessing whether Plaintiffs have demonstrated that they are likely to suffer

18 irreparable harm in the absence of a TRO, the court is mindful they must make a "clear showing of

19 irreparable harm." Garcia v. Google, 786 F.3d 733, 746 (9th Cir. 2015). "Speculative injury does

20 not constitute irreparable injury sufficient to warrant granting a preliminary injunction."

21 Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Indeed, "[a] plaintiff

22 must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must

23 demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Id.

24 "Subjective apprehensions and unsupported predictions of revenue loss are not sufficient to satisfy

25 a plaintiff's burden of demonstrating an immediate threat of irreparable harm." Id. at 675-76.

26     8.    Here, Plaintiffs' articulation rests on the contentions that: (1) Defendant could

27

3

28 Case No.: 5:17-cv-01953-EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

disclose confidential information to competitors, thereby decreasing the value of Plaintiffs' trade secrets, and (2) Defendant may destroy evidence "in an attempt to cover his tracks" and impair Plaintiffs' ability to prove their claims, since Defendant allegedly "wiped" his work computer. These contentions, however, are not adequately supported by evidence sufficient to satisfy Plaintiffs' burden upon close inspection. For example, Plaintiffs' Head of Technology for U.S. Market-Making, Philip Chung, does not explain how he "became aware that Defendant had deleted history files and some of his directories," particularly since Defendant was allegedly logged-in to the system under other employees' accounts at the time. Moreover, Chung's statement that Defendant deleted files on March 26, 2017, is reduced to speculation since it is based only on "information and belief."

9. Chung's explanation of how Defendant allegedly copied Plaintiff's confidential files is similarly insubstantial in the manner presented. Chung states he learned that Defendant copied and transmitted confidential information to third-party websites through a backed-up directory, which somehow "demonstrated" to Chung that Defendant was involved in certain activity. What is missing from this description is how a backed-up directory can reveal such information, what Chung reviewed to learn it, and what it specifically showed.

10. In light of these shortcomings, Plaintiffs have not demonstrated that irreparable harm is *likely*, rather than just *possible*. Indeed, Chung's statements are not material enough to assure the court that Defendant is likely in possession of or continues to have access to its confidential information, and do not provide the specificity necessary for the court to understand how Chung learned the details of Defendant's conduct. Nor have Plaintiffs provided enough information to excuse the notice requirements mandated by Rule 65 and Civil Local Rule 65-1.

11. Since the court finds that Plaintiffs' description of potential ensuing harm is not the type of "immediate threatened injury" required for a TRO, it need not address the other Winter factors. See Leiva-Perez v. Holder, 640 F.3d 962, 965 (9th Cir. 2011) (holding that injunctive relief may not issue absent a "threshold showing regarding irreparable harm . . . regardless of the

4
Case No.: 5:17-cv-01953-EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

petitioner's proof regarding the other [] factors"); see also Blackburn v. State Dep't of Soc. & Health Servs., 472 Fed. Appx. 569, 570-71 (9th Cir. 2012).

The ex parte application for a TRO and order to show cause re: preliminary injunction (Dkt. No. 4) is DENIED.

**IT IS SO ORDERED.**

Dated: April 10, 2017



EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-01953-EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

5